# Exhibit "A"

| SUMMONS | DOCKET NO. 2677CV 00199 | Massachusetts Trial Court Superior Court |
|---|---|---|

**PLAINTIFF(S)** Anthony Trupiano

v.

**DEFENDANT(S)** Home Depot USA, Inc, et. al.

Thomas H. Driscoll — **CLERK OF COURTS**

Essex — **COUNTY**

---

**THIS SUMMONS IS DIRECTED TO** Home Depot USA, Inc. (Defendant's name).

You are being sued. The Plaintiff(s) named above started a lawsuit against you. A copy of the Plaintiff(s)' Complaint filed against you is attached to the Summons, and the original Complaint has been filed in Essex Superior Court.

### YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. **You must respond to this lawsuit in writing within 20 days.**

   If you do not respond, the Court may decide the case against you and award the Plaintiff(s) everything requested in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff(s). **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

   To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff(s)' attorney, or the Plaintiff(s) if they are not represented by a lawyer. You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business in Essex Superior Court, by mail, in-person, or electronically through the web portal **www.eFileMA.com** if the Complaint was e-filed through that portal; or

   b) Delivering or mailing a copy of your response to the Plaintiff(s)' attorney, or the Plaintiff(s) if they are not represented by a lawyer, at the following address: The Cashman Law Firm 27 Congress St, #401, Salem, MA 01970

---

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the facts alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff(s), called counterclaims, that are based on the same facts or events described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff(s) about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

Another way to respond to a Complaint is by filing a "Motion to Dismiss" if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Massachusetts Rules of Civil Procedure, Rule 12.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

**www.mass.gov/law-library/massachusetts-superior-court-rules**

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot find or afford legal help, some basic information for self-represented litigants is available at: **www.mass.gov/courts/selfhelp**.

5. **Required Information on All Filings.**

The "DOCKET NO." appearing at the top of this Summons is the unique case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness: <u>Hon. Michael D. Ricciuti, Chief Justice</u>, on this date, _____, (Seal)

Clerk: _____.

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

PROOF OF SERVICE OF PROCESS

Worcester, SS.                **Proof of Service of Process**          March 6, 2026

I hereby certify and return that on <u>March 6, 2026</u> I served a copy of the within summons and together with a copy of the complaint in this case in the following manner
**by giving in hand to Shaiheim James, Process Clerk, Agent and person in charge of its business at time of service** a true and attested copy thereof
**To wit Home Depot USA, Inc c/o CSC**
       84 State Street
       Boston,  Massachusetts
**Time of Service:** 1:45PM
**Service and Travel:** $85.00
**N.B. To Process Server**

James F. Burke
Constable and Disinterested Person
84 Park Ave Worcester, MA 01609

**PLEASE PLACE DATE YOU MAKE SERVICE IN THIS BOX AND ON COPY SERVED ON DEFENDANT AND RETUN ORIGINAL TO THIS COURT:**

**Date of Service:**  March 6, 2026

\*\*Served along with Complaint, Civil Tracking Order, Civil Action Cover Sheet and Motion to Appoint Special Process Server (allowed).

# Exhibit "B"

| **SUMMONS** | DOCKET NO. 2677CV00199 | **Massachusetts Trial Court** **Superior Court** |
|---|---|---|

**Anthony Tropiano**
PLAINTIFF(S)

v.
**Home Depot USA, Inc., et.al.**
DEFENDANT(S)

Thomas H. Driscoll    CLERK OF COURTS

Essex    COUNTY

THIS SUMMONS IS DIRECTED TO **Louisville Ladder Inc.** (Defendant's name).

You are being sued. The Plaintiff(s) named above started a lawsuit against you. A copy of the Plaintiff(s)' Complaint filed against you is attached to the Summons, and the original Complaint has been filed in **Essex** Superior Court.

### YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. **You must respond to this lawsuit in writing within 20 days.**

   If you do not respond, the Court may decide the case against you and award the Plaintiff(s) everything requested in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff(s). **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

   To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff(s)' attorney, or the Plaintiff(s) if they are not represented by a lawyer. You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business in **Essex** Superior Court, by mail, in-person, or electronically through the web portal **www.eFileMA.com** if the Complaint was e-filed through that portal; or

   b) Delivering or mailing a copy of your response to the Plaintiff(s)' attorney, or the Plaintiff(s) if they are not represented by a lawyer, at the following address: **The Cashman Law Firm 27 Congress St, # 401, Salem, MA 01970**

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the facts alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff(s), called counterclaims, that are based on the same facts or events described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff(s) about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

Another way to respond to a Complaint is by filing a "Motion to Dismiss" if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Massachusetts Rules of Civil Procedure, Rule 12.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

**www.mass.gov/law-library/massachusetts-superior-court-rules**

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot find or afford legal help, some basic information for self-represented litigants is available at: **www.mass.gov/courts/selfhelp**.

5. **Required Information on All Filings.**

The "DOCKET NO." appearing at the top of this Summons is the unique case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness: Hon. Michael D. Ricciuti, Chief Justice, on this date, _____. (Seal)

Clerk: _____.

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

## PROOF OF SERVICE OF PROCESS

I certify that on this date, _____, I served a copy of this Summons, together with a copy of the Complaint, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____.

DATE: _____        Signature: _____

**TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON DEFENDANTS.**

**DATE: _____**

Anthony Trupiano

vs.

Defendant:
**Home Depot USA, Inc. and Louisville Ladder Inc.**

For:
The Cashman Law Firm
27 Congress St.
#401
Salem, MA 01970

Received by Kentucky Process Service Inc. on the 4th day of March, 2026 at 4:53 pm to be served on **Louisville Ladder Inc. c/o CT Corporation System, 306 W. Main St., Suite 512, Frankfort, KY 40601.**

I, Andrew Phillips, being duly sworn, depose and say that on the **9th day of March, 2026 at 11:46 am,** I:

served a **CORPORATION** by delivering a true copy of the **Summons; Motion for Appointment of Special Process Server; Complaint; Civil Action Cover Sheet; Civil Tracking Order** to: **Kelly King** as Process Receiver for **Louisville Ladder Inc.**, at the address of: **306 W. Main St., Suite 512, Frankfort, KY 40601**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 45, Sex: F, Race/Skin Color: Caucasian, Height: 5'9", Weight: 210, Hair: Grey, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server, in good standing, in the judicial circuit in which the process was served.

**Andrew Phillips**
Process Server

03/09/2026

**Date**

Subscribed and Sworn to before me on the _9th_
day of _____ March ____, _2026_ by the affiant
who is personally known to me.

NOTARY PUBLIC

Brittany Dawn Rue
Notary Public, ID KYNP65685
State at Large, Kentucky
My Commission Expires on Jan. 25, 2027

**Kentucky Process Service Inc.**
**290 High Street**
**Versailles, KY 40383**
**(859) 489-0726**

Our Job Serial Number: KPM-2026002046

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0a

Doc ID: 83917796519bfb33d564faa2e9e307a2c775400b

# Exhibit "C"

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT
CIVIL ACTION NO. 2677CV00199

ANTHONY TRUPIANO,
      Plaintiff

v.

HOME DEPOT USA, INC. and
LOUISVILLE LADDER INC.
      Defendants

## COMPLAINT
### PARTIES

1.    The Plaintiff, Anthony Trupiano, is an individual residing at 39 Lepage Lane, Apartment B, Gloucester, MA 01930.

2.    The Defendant, Home Depot USA, Inc. is a foreign corporation, incorporated in Georgia, and doing business in Massachusetts. It's principal place of business is 2455 Paces Ferry Road, Atlanta, GA 30339, and its registered agent for service of process is Corporation Service Company, 845 State Street, Boston, MA 02109.

3.    The Defendant, Louisville Ladder Inc. is a foreign corporation, incorporated in Kentucky, and doing business in Massachusetts. It's principal place of business is 7665 National Turnpike, Unit 190, Louisville, KY 40214, and its registered agent for service of process is CT Corporation System, 306 W Main Street, Suite 512, Frankfort, KY 40601.

### JURISDICTION

4.    This Court has subject-matter jurisdiction under G.L. c. 212 §3, because there is no reasonable likelihood that recovery by the Plaintiff will be less than or equal to $50,000.

5.    Venue is proper because the cause of action arises from the incident which occurred in Essex County, Massachusetts. The Defendants also regularly conduct business in this County.

1

## FACTUAL ALLEGATIONS COMMON TO
## ALL COUNTS

6.    The Plaintiff adopts and realleges the facts contained in all paragraphs above as though fully set forth herein.

7.    On August 26, 2023, the Plaintiff was using a 15-foot ladder ("Ladder"), designed and/or manufactured by Louisville Ladder, Inc. ("Louisville Ladder" in a normal and foreseeable manner for its intended purpose.

8.    The ladder had been purchased from Home Depot USA, Inc. ("Home Depot") and later given to the Plaintiff as a gift. Plaintiff did not alter or modify the Ladder.

9.    At the time of use, the Ladder was in substantially the same condition as when it left control of Defendants.

10.   While the Plaintiff was using the Ladder in a reasonable and foreseeable way, the Ladder suddenly and unexpectedly collapsed when its side rails buckled and deformed.

11.   The Ladder's structural failure caused Mr. Trupiano to lose his balance and fall violently to the ground, landing on his back.

12.   As a direct and proximate result of the Ladder's failure, Plaintiff sustained serious bodily injuries, including but not limited to spinal injuries, disc herniation, nerve compression, as well as injuries to his left arm and right leg.

13.   The Ladder was defectively designed, defectively manufactured, and/or inadequately tested, making it unreasonably dangerous for its intended and foreseeable use.

14.   The Defendants failed to provide adequate warnings or instructions regarding the Ladder's risks, limitations, and safe use.

15.   At all relevant times, the Defendants knew or should have known that the Ladder posed a risk of injury when used as intended.

16.   The Plaintiff's injuries were not caused by misuse, and Plaintiff exercised reasonable care.

## COUNT I
### (Negligence v. Home Depot)

17.   The Plaintiff adopts and realleges the facts contained in all paragraphs above as though fully set forth herein.

18.   Defendant Home Depot owed a duty to its consumers to use reasonable care to supply and sell safe products for the benefits of persons lawfully using the products, such as the Plaintiff.

2

19. Defendant Home Depot supplied and sold a defective and unsafe product when it sold the Ladder that injured the Plaintiff.

20. As a direct and proximate result of the negligence and carelessness of the Defendant Home Depot, the Plaintiff sustained serious injuries and has suffered great pain of body and mental anguish and was forced to spend great sums of money for medical treatment.

WHEREFORE, the Plaintiff, Anthony Trupiano demands a judgment against the Defendant Home Depot in an amount to fairly compensate him for the harm that he has suffered together with interest, costs attorney's fees and any other relief that this Honorable Court deems just and appropriate.

## COUNT II
### (Breach of Implied Warranty of Fitness for a Particular Use v. Home Depot)

21. The Plaintiff adopts and realleges the facts contained in all paragraphs above as though fully set forth herein.

22. Defendant Home Depot is subject to liability to the Plaintiff for its breach of implied warranties made to consumers, including the implied warranty of fitness for a particular use within the scope of Massachusetts General Laws Chapter 106 §2-315.

23. Pursuant to Massachusetts General Laws Chapter 106 §2-315, an implied warranty of fitness for a particular use arises when a seller has reason to know of a particular purpose for which goods are required, the buyer or user relies on the seller's skill and judgment, and the seller has reason to know that the buyer or user is relying on the seller's skills and/or judgment.

24. At the time the ladder was sold, Home Depot knew or had reason to know the ladder was being purchased for the particular purpose of safely supporting a person's weight while climbing to reach elevated areas, and that the user would rely on Home Depot's skill and judgment to sell a ladder suitable for that purpose.

25. The Plaintiff was a person whom Home Depot might reasonably have expected to use, consume, or be affected by the goods pursuant to Massachusetts General Laws Chapter 106 §2-318.

26. Home Depot breached the implied warranty by selling a dangerous and defective ladder that was not for its particular purpose.

27. Pursuant to Massachusetts General Laws Chapter 106 § 2-318. Plaintiff's receipt of the Ladder as a gift does not defeat implied warranty claims.

3

28. As a direct and proximate result of Home Depot's breach of implied warranty of fitness for a particular purpose, the Defendant the Plaintiff sustained serious injuries and has suffered great pain of body and mental anguish and was forced to spend great sums of money for medical treatment.

WHEREFORE, the Plaintiff, Anthony Trupiano demands a judgment against the Defendant Home Depot in an amount to fairly compensate him for the harm that he has suffered together with interest, costs attorney's fees and any other relief that this Honorable Court deems just and appropriate.

## COUNT III
### (Breach of Implied Warranty of Merchantability v. Home Depot)

29. The Plaintiff adopts and realleges the facts contained in all paragraphs above as though fully set forth herein.

30. Defendant Home Depot is subject to liability to the Plaintiff for its breach of implied warranties made to consumers, including the implied warranty of merchantability within the scope of Massachusetts General Laws Chapter 106 §2-314.

31. Defendant Home Depot is a merchant in the business of selling ladders, such as the ladder involved in this incident.

32. Pursuant to Massachusetts General Laws Chapter 106 §2-314, a merchant who sells goods in Massachusetts warrants that they shall be merchantable.

33. Merchantable goods must, among other things, be fit for the ordinary and intended purposes which such goods are used. Ladders are used for safely supporting a person's weight during climbing and standing.

34. Home Depot impliedly warranted the Ladder it sold was of merchantable quality.

35. The Ladder sold by Home Depot was not merchantable at the time it left the Home Depot's control.

36. Home Depot breached the implied warranty of merchantability by selling a defective and unmerchantable Ladder which was not fit for ordinary use and failed during foreseeable use, causing serious injury to the Plaintiff.

37. The Plaintiff was a person whom Home Depot might reasonably have expected to use, consume, or be affected by the goods pursuant to Massachusetts General Laws Chapter 106 §2-318.

38. Pursuant to Massachusetts General Laws Chapter 106 § 2-318. Plaintiff's receipt of the Ladder as a gift does not defeat implied warranty claims.

4

39. As a direct and proximate result of the breach of implied warranty of merchantability by the Defendant Home Depot, the Plaintiff sustained serious injuries and has suffered great pain of body and mental anguish and was forced to spend great sums of money for medical treatment.

WHEREFORE, the Plaintiff, Anthony Trupiano demands a judgment against the Defendant Home Depot in an amount to fairly compensate him for the harm that he has suffered together with interest, costs attorney's fees and any other relief that this Honorable Court deems just and appropriate.

## COUNT IV
### (Strict Liability v. Home Depot)

40. The Plaintiff adopts and realleges the facts contained in all paragraphs above as though fully set forth herein.

41. The Ladder was in a defective condition and was unreasonably dangerous to the user or consumer when it left the control of Defendant Home Depot.

42. As a direct and proximate result of the negligence and carelessness of the Defendant Home Depot, the Plaintiff sustained serious injuries and has suffered great pain of body and mental anguish and was forced to spend great sums of money for medical treatment.

WHEREFORE, the Plaintiff, Anthony Trupiano demands a judgment against the Defendant Home Depot in an amount to fairly compensate him for the harm that he has suffered together with interest, costs attorney's fees and any other relief that this Honorable Court deems just and appropriate.

## COUNT V
### (Violation of M.G.L. c. 93A v. Home Depot)

43. The Plaintiff adopts and realleges the facts contained in all paragraphs above as though fully set forth herein.

44. The Defendant Home Depot is engaged in trade or commerce within the meaning of M.G.L. c. 93A, §1(b), including the retail sale of consumer ladders in Massachusetts.

45. The Ladder was in a defective condition and was unreasonably dangerous to the user or consumer when it left the control of Defendant Home Depot.

46. The Defendant's acts and/or omissions constitute unfair or deceptive acts or practices in violation of M.G.L. c. 93A, §2, including but not limited to selling a ladder that was not of merchantable quality and not fit for its ordinary and intended use; impliedly representing that the Ladder was safe for consumer use when it was not; failing to disclose known or reasonably knowable safety risks associated with the Ladder; and

placing a defective and unreasonably dangerous product into the stream of commerce without adequate testing, inspection, or warnings.

47. Plaintiff was a foreseeable consumer and user of the Ladder. Plaintiff's lack of direct purchase does not bar recovery under M.G.L. c. 93A.

48. Pursuant to M.G.L. c. 93A, §9, the Plaintiff made a written demand for relief on November 13, 2025 detailing the unfair and deceptive acts which led to the Plaintiff's injuries. The Defendant Home Depot failed to make an adequate response and failed to make a reasonable offer of settlement.

49. Defendant's violations of M.G.L. c. 93A were willful and knowing and Defendant refused in bad faith to grand relief upon demand, thereby entitling the Plaintiff to judgment on this Count and for all damages authorized by statute, including multiple damages under M.G.L. c. 93A, §9(3).

WHEREFORE, the Plaintiff, Anthony Trupiano demands a judgment against the Defendant Home Depot in an amount to fairly compensate him for the harm that he has suffered, trebled under M.G.L. c. 93A, with interest, costs attorney's fees and any other relief that this Honorable Court deems just and appropriate.

## COUNT VI
### (Negligence v. Louisville Ladder)

50. The Plaintiff adopts and realleges the facts contained in all paragraphs above as though fully set forth herein.

51. Defendant Louisville Ladder owed a duty to its customers to use reasonable care to produce and manufacture safe products for the benefits of the persons lawfully using the products, such as the Plaintiff.

52. Defendant Louisville Ladder breached its duty when it negligently designed, manufactured, selected, tested, inspected, packaged, promoted, advertised, marketed, and sold the dangerous and defective Ladder.

53. Defendant Louisville Ladder negligently failed to adequately warn and instruct any foreseeable users as to the dangerous and defective character of the ladder.

54. Defendant Louisville Ladder negligently and carelessly allowed this defective and unsafe Ladder to be supplied to retailer knowing it would be sold to a consumer and would be put to use.

55. As a direct and proximate result of the negligence and carelessness of the Defendant Louisville Ladder, the Plaintiff sustained serious injuries and has suffered great pain of body and mental anguish and was forced to spend great sums of money for medical treatment.

6

Date Filed 2/12/2026 4:26 PM
Superior Court - Essex
Docket Number

WHEREFORE, the Plaintiff, Anthony Trupiano demands a judgment against the Defendant Louisville Ladder in an amount to fairly compensate him for the harm that he has suffered together with interest, costs attorney's fees and any other relief that this Honorable Court deems just and appropriate.

**COUNT VII**
**(Breach of Implied Warranty of Fitness for a Particular Purpose v. Louisville Ladder)**

56. The Plaintiff adopts and realleges the facts contained in all paragraphs above as though fully set forth herein.

57. Defendant Louisville Ladder is a merchant in the business of manufacturing and selling ladders, such as the ladder involved in this incident.

58. Defendant Louisville Ladder is subject to liability to the Plaintiff for its breach of implied warranties made to consumers, including the implied warranty of fitness for a particular use within the scope of Massachusetts General Laws Chapter 106 §2-315.

59. At the time the ladder was sold, Louisville Ladder knew or had reason to know the ladder was being purchased for the particular purpose of safely supporting a person's weight while climbing to reach elevated areas.

60. The Plaintiff was a person whom Louisville Ladder might reasonably have expected to use, consume, or be affected by the goods pursuant to Massachusetts General Laws Chapter 106 §2-318.

61. The Defendant Louisville Ladder breached the applicable warranties as the Ladder was not of merchantable quality, safe for use, or fit for its intended purpose.

62. Pursuant to Massachusetts General Laws Chapter 106 § 2-318. Plaintiff's receipt of the Ladder as a gift does not defeat implied warranty claims.

63. As a direct and proximate result of the negligence and carelessness of the Defendant Louisville Ladder, the Plaintiff sustained serious injuries and has suffered great pain of body and mental anguish and was forced to spend great sums of money for medical treatment.

WHEREFORE, the Plaintiff, Anthony Trupiano demands a judgment against the Defendant Louisville Ladder in an amount to fairly compensate him for the harm that he has suffered together with interest, costs attorney's fees and any other relief that this Honorable Court deems just and appropriate.

## COUNT VIII
### (Breach of Implied Warranty of Merchantability v. Louisville Ladder)

64.  The Plaintiff adopts and realleges the facts contained in all paragraphs above as though fully set forth herein.

65.  Defendant Louisville Ladder is a merchant in the business of manufacturing and selling ladders, such as the ladder involved in this incident.

66.  Defendant Louisville Ladder is subject to liability to the Plaintiff for its breach of implied warranties made to consumers, including the implied warranty of merchantability within the scope of Massachusetts General Laws Chapter 106 §2-314.

67.  The Plaintiff was a person whom Louisville Ladder might reasonably have expected to use, consume, or be affected by the goods pursuant to Massachusetts General Laws Chapter 106 §2-318.

68.  The Defendant Louisville Ladder breached the applicable warranties as the Ladder was not of merchantable quality, safe for use, or fit for its intended purpose.

69.  Pursuant to Massachusetts General Laws Chapter 106 § 2-318. Plaintiff's receipt of the Ladder as a gift does not defeat implied warranty claims.

70.

71.  As a direct and proximate result of the negligence and carelessness of the Defendant Louisville Ladder, the Plaintiff sustained serious injuries and has suffered great pain of body and mental anguish and was forced to spend great sums of money for medical treatment.

WHEREFORE, the Plaintiff, Anthony Trupiano demands a judgment against the Defendant Louisville Ladder in an amount to fairly compensate him for the harm that he has suffered together with interest, costs attorney's fees and any other relief that this Honorable Court deems just and appropriate.

## COUNT IX
### (Strict Liability v. Louisville Ladder)

72.  The Plaintiff adopts and realleges the facts contained in all paragraphs above as though fully set forth herein.

73.  The Ladder was in a defective condition, and was unreasonably dangerous to the user or consumer when it left the control of Defendant Louisville Ladder.

74.  As a direct and proximate result of the negligence and carelessness of the Defendant Louisville Ladder, the Plaintiff sustained serious injuries and has suffered great pain of

8

body and mental anguish and was forced to spend great sums of money for medical treatment.

WHEREFORE, the Plaintiff, Anthony Trupiano demands a judgment against the Defendants in an amount to fairly compensate him for the harm that he has suffered together with interest, costs attorney's fees and any other relief that this Honorable Court deems just and appropriate.

## COUNT X
## (Violation of M.G.L. 93A v. Louisville Ladder)

75. The Plaintiff adopts and realleges the facts contained in all paragraphs above as though fully set forth herein.

76. The Defendant Louisville Ladder engaged in trade or commerce within the meaning of M.G.L. c. 93A, §1(b), including the sale and/or manufacture of consumer ladders to be sold in Massachusetts.

77. The Defendant's acts and/or omissions constitute unfair or deceptive acts or practices in violation of M.G.L. c. 93A, §2, including but not limited to manufacturing and/or selling a ladder that was not of merchantable quality and not fit for its ordinary and intended use; impliedly representing that the Ladder was safe for consumer use when it was not; failing to disclose known or reasonably knowable safety risks associated with the Ladder; and placing a defective and unreasonably dangerous product into the stream of commerce without adequate testing, inspection, or warnings.

78. Plaintiff was a foreseeable consumer and user of the Ladder. Plaintiff's lack of direct purchase does not bar recovery under M.G.L. c. 93A.

79. Pursuant to M.G.L. c. 93A, §9, the Plaintiff made a written demand for relief on July 17, 2024 detailing the unfair and deceptive acts which led to the Plaintiff's injuries. The Defendant Louisville Ladder failed to make an adequate response and failed to make a reasonable offer of settlement.

80. Defendant's violations of M.G.L. c. 93A were willful and knowing and Defendant refused in bad faith to grand relief upon demand, thereby entitling the Plaintiff to judgment on this Count and for all damages authorized by statute, including multiple damages under M.G.L. c. 93A, §9(3).

WHEREFORE, the Plaintiff, Anthony Trupiano demands a judgment against the Defendant Louisville Ladder in an amount to fairly compensate him for the harm that he has suffered, trebled under M.G.L. c. 93A, with interest, costs attorney's fees and any other relief that this Honorable Court deems just and appropriate.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.

9

Date Filed 2/12/2026 4:26 PM
Superior Court - Essex
Docket Number

Respectfully submitted,
ANTHONY TRUPIANO
By his attorney,


*/s/ Siobhan M. Surette*
Mark A. Cashman (BBO# 687800)
Siobhan M. Surette (BBO# 705921)
THE CASHMAN LAW FIRM, LLC
27 Congress Street, #401
Salem, Massachusetts 01970
(978) 306-7549
mark@cashmanlegal.com
siobhan@cashmanlegal.com

Dated: February 12, 2026

10

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2677CV00199 | Massachusetts Trial Court Superior Court | 2  |
|---|---|---|---|
| | | COUNTY Essex Superior Court (Newburyport) | |

| Plaintiff    Anthony Trupiano | Defendant:    Home Depot USA |
|---|---|
| ADDRESS:    39 Lepage Lane, Apt. B | ADDRESS:    2455 Paces Ferry Road |
| Gloucester, MA 01930 | Atlanta, GA 30339 |
| | |
| Plaintiff Attorney:    Mark Cashman | Defendant:    Louisville Ladder, Inc. |
| ADDRESS:    The Cashman Law Firm | ADDRESS:    7665 National Turnpike, Unit 190 |
| 27 Congress Street, #401 | Louisville, KY 40214 |
| Salem, MA 01970 | |
| BBO:    687800 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Products Liability | A | ☒ YES    ☐ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES    ☐ NO | ☐ YES    ☒ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses             $11,586.53

    2. Total doctor expenses

    3. Total chiropractic expenses

    4. Total physical therapy expenses        $3,450.00

    5. Total other expenses (describe below)

                        Subtotal (1-5):   $15,036.53

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses    $40,000.00

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

                        TOTAL (A-F):   $55,036.53

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

serious spinal injuries, disc herniation, nerve compression, injuries to left arm and right leg

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Self-Represented Plaintiff: X  Mark A. Cashman | Date:    2/12/2026 |
|---|---|

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X  /s/Mark A. Cashman | Date:    2/12/2026 |
|---|---|

Date Filed 2/12/2026 4:26 PM
Superior Court - Essex
Docket Number

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

**3**

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT
CIVIL ACTION NO. 2677CV00199

---

ANTHONY TRUPIANO,
          Plaintiff

v.

HOME DEPOT USA, INC. and
LOUISVILLE LADDER INC.
          Defendants

---

## <u>MOTION FOR APPOINTMENT OF</u>
## <u>SPECIAL PROCESS SERVER</u>

Now comes the plaintiff and pursuant to Mass. R. Civ. P. 4(c) hereby moves for an order appointing Francis J. Trapasso & Associates, 84 Park Avenue, Worcester, Massachusetts 01609 or their employees or agents in the above captioned matter. The person(s) to be appointed special process server is experienced in the service of process, is 18 years of age or older and is not a party to this action.

Respectfully
submitted,
Plaintiff,
By his attorney,

/s/ Mark A. Cashman
Mark A. Cashman, BBO# 687800
Siobhan M. Surette, BBO# 705921
**CASHMAN LAW FIRM, LLC**
27 Congress Street, #401
Salem, Massachusetts 01970
Phone:  978-306-7549
mark@cashmanlegal.com
siobhan@cashmanlegal.com

Dated: February 12, 2026

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT
CIVIL ACTION NO. 2677CV00199

ANTHONY TRUPIANO,
     Plaintiff

v.

HOME DEPOT USA, INC. and
LOUISVILLE LADDER INC.
     Defendants

## MOTION FOR APPOINTMENT OF
## SPECIAL PROCESS SERVER

Now comes the plaintiff and pursuant to Mass. R. Civ. P. 4(c) hereby moves for an order appointing Kentucky Process Service Inc, 290 High Street, Versailles, KY 40383 or their employees or agents in the above captioned matter. The person(s) to be appointed special process server is experienced in the service of process, is 18 years of age or older and is not a party to this action.

Respectfully
submitted,
Plaintiff,
By his attorney,

/s/ Mark A. Cashman
Mark A. Cashman, BBO# 687800
Siobhan M. Surette, BBO# 705921
**CASHMAN LAW FIRM, LLC**
27 Congress Street, #401
Salem, Massachusetts 01970
Phone: 978-306-7549
mark@cashmanlegal.com
siobhan@cashmanlegal.com

Dated: February 12, 2026

| NOTICE TO ATTORNEY GENERAL OF COMPLAINT ON CHAPTER 93A ACTION | DOCKET NUMBER 2677CV00199 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Trupiano, Anthony vs. Home Depot USA, Inc. et al | | Thomas H. Driscoll, Jr., Clerk of Courts Essex County |
| Andrea Joy Campbell Consumer Protection Division One Ashburton Place Boston, MA 02108-1698 | | COURT NAME & ADDRESS Essex County Superior Court - Lawrence 43 Appleton Way Lawrence, MA 01841 |

Pursuant to G.L. c. 93A, § 10, enclosed is a copy of the complaint seeking relief under G.L. c. 93A. The action was filed in this court on 02/12/2026.

| DATE 02/13/2026 | CLERK OF COURTS Thomas H. Driscoll, Jr., Clerk of Courts |
|---|---|

Date/Time Printed: 02-13-2026 09:14:50

SCV089\ 02/2023

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2677CV00199 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Trupiano, Anthony vs. Home Depot USA, Inc. et al | Thomas H. Driscoll, Jr., Clerk of Courts Essex County |
|---|---|

| TO: File Copy  , | COURT NAME & ADDRESS Essex County Superior Court - Lawrence 43 Appleton Way Lawrence, MA 01841 |
|---|---|

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/13/2026 | |
| Response to the complaint filed (also see MRCP 12) | | 06/12/2026 | |
| All motions under MRCP 12, 19, and 20 | 06/12/2026 | 07/13/2026 | 08/11/2026 |
| All motions under MRCP 15 | 04/08/2027 | 05/10/2027 | 05/10/2027 |
| All discovery requests **and depositions** served and non-expert depositions completed | 02/02/2028 | | |
| All motions under MRCP 56 | 03/03/2028 | 04/03/2028 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/31/2028 |
| Case shall be resolved and judgment shall issue by | | | 02/12/2029 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 02/13/2026 | ASSISTANT CLERK Nancy Keller | PHONE (978)242-1900 |
|---|---|---|

Date/Time Printed: 02-13-2026 09:17:47                                     SCV026\ 08/2018

Date Filed 2/12/2026 4:26 PM
Superior Court - Essex
Docket Number

3

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT
CIVIL ACTION NO. 2677CV00199

ANTHONY TRUPIANO,
    Plaintiff

v.

HOME DEPOT USA, INC. and
LOUISVILLE LADDER INC.
    Defendants

## MOTION FOR APPOINTMENT OF
## SPECIAL PROCESS SERVER

Now comes the plaintiff and pursuant to Mass. R. Civ. P. 4(c) hereby moves for an order appointing Francis J. Trapasso & Associates, 84 Park Avenue, Worcester, Massachusetts 01609 or their employees or agents in the above captioned matter. The person(s) to be appointed special process server is experienced in the service of process, is 18 years of age or older and is not a party to this action.

Respectfully
submitted,
Plaintiff,
By his attorney,

/s/ Mark A. Cashman
Mark A. Cashman, BBO# 687800
Siobhan M. Surette, BBO# 705921
**CASHMAN LAW FIRM, LLC**
27 Congress Street, #401
Salem, Massachusetts 01970
Phone: 978-306-7549
mark@cashmanlegal.com
siobhan@cashmanlegal.com

Dated: February 12, 2026

**4**

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                                          SUPERIOR COURT
                                                                   CIVIL ACTION NO. **2677CV00199**

---

ANTHONY TRUPIANO,
        Plaintiff

v.

HOME DEPOT USA, INC. and
LOUISVILLE LADDER INC.
        Defendants

---

## MOTION FOR APPOINTMENT OF
## SPECIAL PROCESS SERVER

Now comes the plaintiff and pursuant to Mass. R. Civ. P. 4(c) hereby moves for an order appointing Kentucky Process Service Inc, 290 High Street, Versailles, KY 40383 or their employees or agents in the above captioned matter.  The person(s) to be appointed special process server is experienced in the service of process, is 18 years of age or older and is not a party to this action.

                                        Respectfully
                                        submitted,
                                        Plaintiff,
                                        By his attorney,

                                        /s/ Mark A. Cashman
                                        Mark A. Cashman, BBO# 687800
                                        Siobhan M. Surette, BBO# 705921
                                        **CASHMAN LAW FIRM, LLC**
                                        27 Congress Street, #401
                                        Salem, Massachusetts 01970
                                        Phone:  978-306-7549
                                        mark@cashmanlegal.com
                                        siobhan@cashmanlegal.com

Dated: February 12, 2026

| SUMMONS | DOCKET NO. 2677CV 00199 | Massachusetts Trial Court Superior Court |
|---|---|---|

| Anthony Trupiano _____ PLAINTIFF(S) | Thomas H. Driscoll | CLERK OF COURTS |
|---|---|---|
| v. Home Depot USA, Inc., et. al. _____ DEFENDANT(S) | Essex | COUNTY |

THIS SUMMONS IS DIRECTED TO Home Depot USA, Inc. _____ (Defendant's name).

You are being sued. The Plaintiff(s) named above started a lawsuit against you. A copy of the Plaintiff(s)' Complaint filed against you is attached to the Summons, and the original Complaint has been filed in Essex _____ Superior Court.

### YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. **You must respond to this lawsuit in writing within 20 days.**

   If you do not respond, the Court may decide the case against you and award the Plaintiff(s) everything requested in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff(s). **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

   To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff(s)' attorney, or the Plaintiff(s) if they are not represented by a lawyer. You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business in Essex _____ Superior Court, by mail, in-person, or electronically through the web portal **www.eFileMA.com** if the Complaint was e-filed through that portal; or

   b) Delivering or mailing a copy of your response to the Plaintiff(s)' attorney, or the Plaintiff(s) if they are not represented by a lawyer, at the following address: The Cashman Law Firm 27 Congress St, #401, Salem, MA 01970 _____

Superior Court—Civil—SC0XX (02/2024)

3.  **What to Include in Your Response.**

    An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the facts alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff(s), called counterclaims, that are based on the same facts or events described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff(s) about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

    Another way to respond to a Complaint is by filing a "Motion to Dismiss" if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Massachusetts Rules of Civil Procedure, Rule 12.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

    **www.mass.gov/law-library/massachusetts-superior-court-rules**

4.  **Legal Assistance.**

    You may wish to get legal help from a lawyer. If you cannot find or afford legal help, some basic information for self-represented litigants is available at: **www.mass.gov/courts/selfhelp**.

5.  **Required Information on All Filings.**

    The "DOCKET NO." appearing at the top of this Summons is the unique case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

    Witness: <u>Hon. Michael D. Ricciuti, Chief Justice</u>, on this date, _____. (Seal)

    Clerk: _____.

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

PROOF OF SERVICE OF PROCESS

Worcester, SS.                 **Proof of Service of Process**          March 6, 2026

I hereby certify and return that on <u>March 6, 2026</u> I served a copy of the within summons and together with a copy of the complaint in this case in the following manner

**by giving in hand to Shaiheim James, Process Clerk, Agent and person in charge of its business at time of service** a true and attested copy thereof

**To wit Home Depot USA, Inc c/o CSC**
     84 State Street
     Boston,  Massachusetts
**Time of Service:** 1:45PM
**Service and Travel:** $85.00
**N.B. To Process Server**

James F. Burke
Constable and Disinterested Person
84 Park Ave Worcester, MA 01609

**PLEASE PLACE DATE YOU MAKE SERVICE IN THIS BOX AND ON COPY SERVED ON DEFENDANT AND RETUN ORIGINAL TO THIS COURT:**

Date of Service:  March 6, 2026

\*\*Served along with Complaint, Civil Tracking Order, Civil Action Cover Sheet and Motion to Appoint Special Process Server (allowed).

| SUMMONS | DOCKET NO. 2677CV00199 | Massachusetts Trial Court Superior Court |
|---|---|---|

Anthony Tropiano
**PLAINTIFF(S)**

v.
Home Depot USA, Inc., et. al.
**DEFENDANT(S)**

Thomas H. Driscoll    **CLERK OF COURTS**

Essex    **COUNTY**

**THIS SUMMONS IS DIRECTED TO** Louisville Ladder Inc. **(Defendant's name).**

**You are being sued.** The Plaintiff(s) named above started a lawsuit against you. A copy of the Plaintiff(s)' Complaint filed against you is attached to the Summons, and the original Complaint has been filed in Essex Superior Court.

### YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. **You must respond to this lawsuit in writing within 20 days.**

   If you do not respond, the Court may decide the case against you and award the Plaintiff(s) everything requested in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff(s). **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

   To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff(s)' attorney, or the Plaintiff(s) if they are not represented by a lawyer. You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business in Essex Superior Court, by mail, in-person, or electronically through the web portal **www.eFileMA.com** if the Complaint was e-filed through that portal; or

   b) Delivering or mailing a copy of your response to the Plaintiff(s)' attorney, or the Plaintiff(s) if they are not represented by a lawyer, at the following address: The Cashman Law Firm 27 Congress St, # 401, Salem, MA 01970

3.  **What to Include in Your Response.**

    An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the facts alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff(s), called counterclaims, that are based on the same facts or events described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff(s) about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

    Another way to respond to a Complaint is by filing a "Motion to Dismiss" if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Massachusetts Rules of Civil Procedure, Rule 12.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

    **www.mass.gov/law-library/massachusetts-superior-court-rules**

4.  **Legal Assistance.**

    You may wish to get legal help from a lawyer. If you cannot find or afford legal help, some basic information for self-represented litigants is available at: **www.mass.gov/courts/selfhelp**.

5.  **Required Information on All Filings.**

    The "DOCKET NO." appearing at the top of this Summons is the unique case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

    Witness: Hon. Michael D. Ricciuti, Chief Justice, on this date, _____. (Seal)

    Clerk: _____.

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

## PROOF OF SERVICE OF PROCESS

I certify that on this date, _____, I served a copy of this Summons, together with a copy of the Complaint, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____.

DATE: _____    Signature: _____

TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON DEFENDANTS.

DATE: _____

Superior Court—Civil—SC0XX (02/2024)

Anthony Trupiano

vs.

Defendant:
**Home Depot USA, Inc. and Louisville Ladder Inc.**

For:
The Cashman Law Firm
27 Congress St.
#401
Salem, MA 01970

Received by Kentucky Process Service Inc. on the 4th day of March, 2026 at 4:53 pm to be served on **Louisville Ladder Inc. c/o CT Corporation System, 306 W. Main St., Suite 512, Frankfort, KY 40601.**

I, Andrew Phillips, being duly sworn, depose and say that on the **9th day of March, 2026 at 11:46 am,** I:

served a **CORPORATION** by delivering a true copy of the **Summons; Motion for Appointment of Special Process Server; Complaint; Civil Action Cover Sheet; Civil Tracking Order** to: **Kelly King** as **Process Receiver** for **Louisville Ladder Inc.**, at the address of: **306 W. Main St., Suite 512, Frankfort, KY 40601**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 45, Sex: F, Race/Skin Color: Caucasian, Height: 5'9", Weight: 210, Hair: Grey, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server, in good standing, in the judicial circuit in which the process was served.

**Andrew Phillips**
Process Server

Subscribed and Sworn to before me on the _9th_ day of _____March_____, _2026_ by the affiant who is personally known to me.

03/09/2026

**Date**

NOTARY PUBLIC

**Kentucky Process Service Inc.**
**290 High Street**
**Versailles, KY 40383**
**(859) 489-0726**

Brittany Dawn Rue
Notary Public, ID KYNP65685
State at Large, Kentucky
My Commission Expires on Jan. 25, 2027

Our Job Serial Number: KPM-2026002046

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0a

Doc ID: 83917796519bfb33d564faa2e9e307a2c775400b

# Exhibit "D"

# GEORGIA
# CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE

# BRAD RAFFENSPERGER

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **HD Development Properties, LLC** | Control Number: | **K926899** |
| Business Type: | **Domestic Limited Liability Company** | Business Status: | **Merged** |
| NAICS Code: | **Any legal purpose** | NAICS Sub Code: | |
| Principal Office Address: | **2455 PACES FERRY ROAD, ATLANTA, GA, 30339-1834, USA** | Date of Formation / Registration Date: | **6/30/1999** |
| State of Formation: | **Georgia** | Last Annual Registration Year: | **2017** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **CSC of Cobb County, Inc.** |
| Physical Address: | **192 Anderson Street S.E., Suite 125, Marietta, GA, 30060, USA** |
| County: | **Cobb** |

Back

Filing History    Name History

Return to Business Search

Office of the Georgia Secretary of State Attn: 2 MLK, Jr. Dr. Suite 313, Floyd West Tower Atlanta, GA 30334-1530,

# Exhibit "E"

Kentucky.gov                                          Agencies      Services



# Kentucky Secretary of State
## Michael G. Adams



# LOUISVILLE LADDER INC.

| **File Amended Annual report** | Change Address or Registered Agent |

| File Certificate of Assumed Name (DBA) | File Withdrawal |

| File Registered Agent Resignation |

| File Amended Certificate of Authority |

| Subscribe to changes made to this entity |

| Print & Mail – Request Certificates |

**Business Entity Search**

**File Annual Report**

**File LLC**

**Business Registration Portal**

**Name Availability Search**

**Business Forms Library**

**Prepaid Account Status**

**Current Representative Search**

**Founding Representative Search**

**Registered Agent Search**

**Validate Certificate of Existence/Authorization**

## General Information

| | |
|---|---|
| **Organization Number** : | 0606396 |
| **Name** : | LOUISVILLE LADDER INC. |
| **Profit or Non-Profit** : | P - Profit |
| **Company Type** : | FCO - Foreign Corporation |
| **Industry** : | Wholesale Trade - Durable Goods |
| **Number of Employees** : | Medium (20-99) |
| **Primary County** : | Jefferson |
| **Status** : | A - Active |
| **Standing** : | G - Good |
| **State** : | DE |
| **File Date** : | 2/17/2005 |
| **Authority Date** : | 2/17/2005 |
| **Last Annual Report** : | 3/23/2026 |
| **Principal Office** : | 7765 NATIONAL TURNPIKE UNIT 190 LOUISVILLE, KY, 40214 |

**Registered Agent** :                    C T CORPORATION SYSTEM

306 W MAIN ST

SUITE 512

FRANKFORT, KY, 40601

Show Images

Show Activities

Show Current Officers

Show Microfilm

Kentucky Unbridled Spirit

Privacy    Security    Disclaimer    Accessibility

Contact     Site Map

© 2026Commonwealth of Kentucky. All rights reserved.