UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ANTHONY TRUPIANO,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HOME DEPOT USA, INC. and LOUISVILLE LADDER INC.,**<br><br>**Defendants.** | C.A. NO. 26-CV-11584-JCB |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS CERTAIN COUNTS OF PLAINTIFF'S COMPLAINT**

## I. INTRODUCTION

Plaintiff, Anthony Trupiano ("Plaintiff"), alleges that on August 26, 2023, he sustained injuries while using a ladder that was manufactured by Defendant, Louisville Ladder Inc. ("Louisville Ladder"), sold by Defendant, Home Depot USA, Inc. ("Home Depot") (collectively, "Defendants"), and given to the Plaintiff as a gift. As a result of this alleged accident, Plaintiff filed his Complaint asserting various counts against Defendants in Essex County Superior Court on February 12, 2026. The case was timely removed to this Court on April 3, 2026.

In his Complaint, Plaintiff asserts claims under Massachusetts General Laws Chapter 93A against both Defendants, as well as standalone strict liability claims. Both categories of claims fail as a matter of law.

First, Plaintiff has not satisfied the mandatory pre-suit demand requirement of M.G.L. c. 93A, § 9. The demand letters relied upon by Plaintiff allege only negligence and product defect and do not identify any "unfair or deceptive acts or practices." This deficiency is fatal to Plaintiff's Chapter 93A claims against both Defendants.

Second, Massachusetts does not recognize an independent cause of action for strict products liability. Such claims are governed exclusively by warranty law under Massachusetts General Laws Chapter 106. Accordingly, the strict liability counts must also be dismissed.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the pleaded facts allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the Court must accept well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor, it need not credit "legal conclusions couched as factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Dismissal is appropriate where a complaint fails to satisfy a statutory prerequisite to suit or asserts a cause of action not recognized under applicable law. *See Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 19 (1st Cir. 2004). In addition, where a claim depends upon compliance with a statutory condition precedent – such as the demand requirement under M.G.L. c. 93A, § 9 – failure to adequately plead such compliance warrants dismissal. *See Entrialgo v. Twin City Dodge, Inc.*, 368 Mass. 812, 813 (1975).

## III. ARGUMENT

### A. Plaintiff's Chapter 93A Claims Fail for Lack of a Sufficient Demand Letter

1. <u>The Demand Letter Requirement Is Mandatory</u>.

Under M.G.L. c. 93A, § 9, a consumer must, at least thirty days prior to filing suit, send a written demand identifying the unfair or deceptive act or practice relied upon. This requirement is a condition precedent to suit. *Entrialgo*, 368 Mass. at 813. The demand requirement serves

multiple purposes, including to encourage a pre-suit resolution, allow the defendant to investigate the claim, and limit unnecessary litigation. *See Slaney v. Westwood Auto, Inc*., 366 Mass. 688, 704 (1975)*; York v. Sullivan*, 369 Mass. 157, 163 (1975). Failure to comply with this requirement warrants dismissal of a Chapter 93A claim.

2. A Demand Letter Must Identify Unfair or Deceptive Conduct.

A legally sufficient demand letter must do more than allege negligence or injury – it must describe the unfair or deceptive nature of the conduct. The Supreme Judicial Court has made clear that a demand letter must "identify[] the claimant and reasonably describe[e] the unfair or deceptive act or practice relied upon." *Spring v. Geriatric Auth. of Holyoke*, 394 Mass. 274, 287 (1985).

3. Plaintiff's Demand Letters Are Deficient.

Plaintiff's demand letter dated July 17, 2024 directed to Louisville Ladder alleges negligent design, negligent manufacture, and failure to exercise reasonable care. *See* Correspondence dated July 17, 2024 (*without exhibits)*, attached hereto as **Exhibit "A"**. Similarly, Plaintiff's demand letter dated November 13, 2025 directed to Home Depot alleges negligence in selling a defective product and failure to exercise reasonable care. *See* Correspondence dated November 13, 2025 (*without exhibits)*, attached hereto as **Exhibit "B"**. Neither letter identifies any misrepresentation, alleges any omission of material fact, or characterizes either of the Defendants' conduct as unfair or deceptive within the meaning of Chapter 93A. Instead, both letters sound entirely in negligence and product liability, not consumer protection. Such allegations are insufficient as a matter of law. Defendants submit the demand letters as Exhibits "A" and "B" solely to demonstrate Plaintiff's failure to satisfy the statutory prerequisite under Chapter 93A, not for the purpose of establishing liability or damages.

Because the letters fail to identify any unfair or deceptive act, they do not satisfy the statutory prerequisite under M.G.L. c. 93A, § 9. Accordingly, the Chapter 93A claims asserted in Counts V and X must be dismissed.

**B. Massachusetts Does Not Recognize Standalone Strict Liability Claims**

Massachusetts has expressly declined to adopt strict products liability as set fort in § 402A of the Restatement of (Second) of Torts. Instead, product liability claims are governed by warranty principles under M.G.L. c. 106. *See Back v. Wickes Corp.*, 375 Mass. 633, 640 (1978). The Supreme Judicial Court has made clear that warranty law in Massachusetts is "congruent in nearly all respects" with strict liability theory, thereby eliminating the need for a separate strict liability cause of action. *Id.* Because Plaintiff asserts warranty claims under Chapter 106, the strict liability counts are unnecessary and legally improper. As such, Count IV and Count IX fail as a matter of law.

**C. Defendants' Time to Answer Is Tolled**

Pursuant to Rule 12(a)(4), the filing of this Motion alters the time to serve a responsive pleading. Defendants respectfully request that the Court confirm that their Answer shall be due within fourteen (14) days after disposition of this Motion.

**IV. CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court dismiss the strict liability claims (Counts IV and IX), dismiss the Chapter 93A claims (Counts V and X), confirm that Defendants' time to answer is tolled pursuant to Rule 12(a)(4), and grant such further relief as the Court deems just and proper.

WHEREFORE, the Defendants, Home Depot USA, Inc. and Louisville Ladder Inc., respectfully request that the Court dismiss Counts IV, V, IX and X, confirm Defendants' Answer

deadline is tolled pursuant to Federal Rule of Civil Procedure 12(a)(4), and grant such further relief as appropriate.

The Defendants,
**HOME DEPOT USA, INC. and**
**LOUISVILLE LADDER INC.**
By their attorneys,

*/s/ Corinne A. Reed*

Corinne A. Reed (BBO No. 687621)
McANGUS GOUDELOCK & COURIE, LLC
53 State Street – Suite 1305
Boston, Massachusetts 02109
Direct: (617) 830-7438
*Corinne.Reed@mgclaw.com*

Dated: April 10, 2026

**CERTIFICATE OF SERVICE**

I, Corinne A. Reed, hereby certify that this document filed through the ECF system will be sent electronically to all ECF-registered parties as identified on the Notice of Electronic Filing (NEF) and that paper copies of this document will be sent to those indicated as non-registered participants, if any, on April 10, 2026.

*/s/ Corinne A. Reed*
Corinne A. Reed